BOLIN, Judge.
The Municipal Fire and Police Civil Service Board of the City of Shreveport created within the classified service two new classes of positions, one class of Assistant Chief and one class of Assistant Chief for Administration. At the request of the Commissioner of Public Safety, the Civil Service Board “blanketed in” three majors in the police department to three positions within the two new classes, i. e., two as assistant chiefs and one as assistant chief for administration. The Commissioner of Public Safety had temporarily appointed these three majors to the three positions within the two new classes without regard to testing or seniority. In these consolidated cases Major John Hoppe (the second senior major in the Shreveport Police Department), Lieutenant John Tem-plin, and the Shreveport Police Local Union No. 646 SEIU-NUPO, AFL-CIO seek to invalidate these appointments and enjoin their implementation. Defendants are the City of Shreveport, the Commissioner of Public Safety (hereinafter referred to as the Commissioner), and the Municipal Fire and Police Civil Service Board of Shreveport (hereinafter referred to as the Board).
Plaintiffs have appealed from the judgments of the district court approving the action taken by the Board and rejecting plaintiffs’ demands. We affirm.
At the time these cases arose, the City of Shreveport operated its police department pursuant to a system of classified civil service as provided for by Article 14, § 15.1 of the 1921 Constitution. This system has a basic premise that positions within the classified service should be filled on the basis of testing and seniority, i. e., when a group of candidates have demonstrated their qualification for a particular position by passing a test, the position should be offered first to the eligible candidate with the greatest seniority.
On April 17, 1972, the Commissioner wrote a letter requesting the Board to create a new classification of Assistant Chief and to “blanket in” three police majors whom he had temporarily appointed to positions within the new class pending the adoption of the proposed class by the Board. The majors appointed ranked first, third, and fourth in seniority among the officers in the Shreveport Police Department. Major Hoppe, one of the plaintiffs, was not one of the majors appointed by the Commissioner even though he was the second senior major in the Shreveport Police Department. The three majors immediately assumed their new titles of Assistant Chief and received an increase in salary from $940 per month to $1015 per month.
The Commissioner stated in his letter that the majors whom he had temporarily appointed were already performing the duties of the proposed classification and therefore were “in the position” and could be blanketed without regard to testing or seniority.
*550 A public hearing on the proposed classification was held on October 18, 1972. Plaintiff Templin was present at this hearing and spoke against the proposed classification. On November 3, 1972, the Board met and adopted the classification of Assistant Chief and an additional classification of Assistant Chief for Administration. The creation of the additional class of Assistant Chief of Administration was based on suggestions made at the public hearing. Following the adoption of the two new classes, plaintiff Hoppe, the second senior major, spoke against blanketing in the three police majors whom the Commissioner had temporarily appointed. He argued that the usual procedure of filling positions on the basis of testing and seniority should be followed. By a three to two vote, the Board proceeded to blanket in to the new positions the three police majors whom the Commissioner had temporarily appointed.
Plaintiffs then exercised their right under Article 14, § 15.1(30), to appeal the decision of the Board to the district court. In addition, the same plaintiffs filed a petition asking the district court to enjoin the defendants from implementing the decision of the Board. The two suits were consolidated for trial in the district court.
Evidence at trial consisted of the transcript of the proceedings before the Board and the testimony of the Commissioner and the Chairman of the Board. The trial court in a well reasoned opinion found for the defendants and rejected the plaintiffs’ demands.
Before this court plaintiffs specify the lower court erred in four particulars.
First, plaintiffs contend the court erred in holding Article 14, § 15.1(16) and the case of In Re Kelly, 224 La. 574, 70 So.2d 130 (1954), sanctioned the Board’s action. The constitutional provision provides:
******
When any position is first allocated hereunder, or is reallocated to a different class to correct an error in its previous allocation, or because of a change in the duties of a position which has the effect of abolishing the position and creating a new position of another class, the employee and [sic] the position may continue to serve the'rein, with the status and all the rights and privileges he would have had under this Section if he had been originally appointed by examination and certification hereunder to a position of the class to which the position has been allocated or reallocated. Such employee however may be transferred without further tests of fitness or certification to any position of the class to which the position was previously allocated while held by the employee.
******
(Emphasis supplied)
The Kelly case involved a factual situation very similar to the one now before us. In interpreting statutory language identical to the constitutional provisions relied on by the defendants in this case, the Supreme Court stated:
A careful consideration of the entire statute and the constitutional provisions respecting civil service satisfies us that the proposition advanced by relators is not well founded and that the Civil Service Board and the trial judge were correct in ruling that the respondents were entitled to hold the positions allocated to them in the classified service, despite the fact that they had not been originally appointed thereto by examination and certification.
To begin with, it is to be observed that the contention of respondents is strictly within the letter of the law because the portion of LSA-R.S. 33:2486, which we have above italicized, declares in explicit terms that, when any position is initially allocated under the act, the employee holding it may continue to serve with the same status as he would have had if he had been originally appointed by examination and certification. This, in itself, would furnish a valid ground for the maintenance of respondents’ stand — for *551 Article 13 of the LSA-Civil Code states that the letter of the law is to be applied when it is free from ambiguity and exhorts us not to disregard it under the pretext of pursuing its spirit.
But, in addition, we think that the provision is within the spirit of the law because a reading of the entire Act justifies the view that the Legislature did not intend that initial allocation of positions under a police and fireman civil service system should be filled on a competitive basis when the duties of the position were already being performed by a member of the force. This will be gleaned from LSA-R.S. 33:2484 providing for the allocation of new positions created after the adoption of the original classification plan and LSA-R.S. 33:2487, 2488, 2489, 2490 and 2491 clearly indicates that the only instances in which promotional or competitive tests are requisite are in the filling of vacancies occásioned by resignation, death, transfer and the like.
The district court found as a fact that the three majors appointed to the new positions of Assistant Chief had been performing substantially the same duties prior to the allocation of the positions to the new class. Relying on the constitutional provisions and Kelly, the district court held the majors could be blanketed in to the new positions without regard to testing or seniority. We find no error in the district court’s finding of fact or in the application of the law to those facts.
The appellants’ second argument is the temporary appointments to assistant chief had expired and the three majors were therefore not “in the position” and could not be blanketed in. Assuming, ar-guendo, the temporary appointments had expired, that fact does not prevent the majors from being “in the position” as that term is used in Article 14, § 15.1(16). Being “in the position” means the employee was already performing the duties of the position although the position had not yet been allocated by the Board. The term does not refer to any status of the employee under a temporary appointment. Since the three majors were performing substantially the same duties required by the new classifications, they were “in the position” and could be blanketed in.
Appellants’ third argument is that the posting and notice requirements were not complied with. Appellants contend the Board could not create the class of Assistant Chief for Administration without a second posting and a second public hearing. The district court held the creation of the class of Assistant Chief for Administration was merely a refinement of the original class of Assistant Chief and therefore did not require new posting and public hearing. We agree with the district court.
Finally, appellants argue Lt. Tem-plin was not given a hearing by the Board to air his grievances concerning the temporary appointments made by the Commissioner. We agree with the district court that Templin’s appearance at the public hearing complied with the hearing authorized by Article 14, § 15.1(16).
The judgments of the district court rejecting plaintiffs’ demands and affirming the action of the Board are affirmed at appellants’ cost.